## Case No. 10,777.

PARSONS et al. v. HOWARD et al.

[2 Woods, 1.] [1]

Circuit Court, D. Louisiana. Nov., 1873.

EQUITY — SUIT FOR DEMAND DUE PARTNERSHIP—
NECESSARY PARTIES—CITIZENSHIP AND
JURISDICTION.

1. In a suit in equity for a demand due to a partnership, all the partners must be joined either as complainants or defendants. They are not merely proper but necessary parties.

[Cited in Summerlin v. Fronteriza Silver Min. & Milling Co., 41 Fed. 255.]

2. The United States courts have no power to effect a constructive service of process on non-residents. If nonresidents are necessary parties, unless they voluntarily appear, the suit cannot be maintained in the federal courts. If they do appear as defendants and are citizens of the same state with the complainants, the court is ousted of jurisdiction.[2]

[Cited in Boston Elec. Co. v. Electric Gas Lighting Co., 23 Fed. 839; Romaine v. Union Ins. Co., 28 Fed. 639.]

3. Semble, that a suit against partners may be brought in a federal court although some of them may not be found within the jurisdiction of the court.

In equity. The bill in this case stated in substance that the complainants together with some of the defendants and certain other persons whose names appeared in the bill, and who were citizens of the same state (New York) with the complainants, were associated together in the lottery business, being proprietors of several lottery grants from various states; and that to facilitate the business and avoid conflict of interest, they had put the entire business into the hands of certain trustees (including two of the defendants), and that it was carried on in various states by these trustees under the name of C. H. Murray & Co., the several asso-

ciates being interested in certain shares and proportions. Among the terms of the engagement and trust, under which the business was conducted, was one, that if any of the associates should at any time acquire any other lottery grants or privileges, the same should be transferred to the trustees as part of the common stock. Monthly settlements and dividends of profits were to be made. Howard, one of the defendants, was agent of the concern in New Orleans. The bill complained that he and other defendants, and also some of the associates not made defendants, on account of their residence as above stated, procured a charter from the state of Louisiana, conferring the exclusive right to draw lotteries; and then took a contract from that corporation to carry on the business and perform its obligations to the state; and that they excluded the complainants and other associates in the original combination from all participation in the profits of this business. The bill prayed that the defendants might be declared trustees for the original concern, and might account for all profits made, and for a sale of the business, division of proceeds, and a temporary injunction. Among the allegations made, was one, that the defendants used the funds of C. H. Murray & Co., in establishing the separate business in Louisiana. One of the complainants, Parsons, died, and certain persons claiming to be his representatives filed a bill of revivor. The defendants demurred to the original bill, and filed a plea to the bill of revivor. The other facts material to the understanding of the case will be found stated in the opinion.

James Emott, for complainants.

E. C. Billings and A. de B. Hughes, for defendants.

BRADLEY, Circuit Justice. The plea to the bill of revivor in this case is good, if true, and if the suit proceeds farther, the complainants must reply to it, and proceed to proofs. I observe that the only allegation in the bill of revivor is, that the complainants therein have obtained letters of executorship on the estate of Reuben Parsons, deceased, without specifying any last will, any state or place, or court, in which the letters were issued. This is extremely informal. All these particulars should have been stated, so that the court could see that the complainants were fully entitled to be substituted in the place of Parsons. Letters testamentary, issued in New York, have no efficacy in Louisiana, unless the laws of the latter state make provision to that effect. The demurrer to the original bill states as causes of objection, want of parties, multifariousness, immorality of the transactions on which the prayer for relief is founded, and general want of equity. The substantive charge of the bill is, that the defendants, together with Zachariah E. Simmons and John A. Morris,

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2] By a late statute absent defendants may be cited by an order of publication when the suit is brought to enforce a legal or equitable claim or lien on real or personal property within the district. See Act June 1, 1872 [17 Stat. 198]; Rev. St. § 738.

are carrying on a lucrative lottery business in New Orleans, and in the state of Louisiana, and appropriating the profits to their own use, whilst in equity the complainants and certain other persons are entitled to a share of said business, of which the defendants, together with Simmons and Morris, unjustly deprive them; and the relief sought is an account of the profits of the said business, a declaration that the defendants are trustees for the complainants, and the other parties really interested, and a sale of the whole property and business and division of the proceeds. The ground on which this claim is based is, that Murray, one of the defendants, and Simmons and Morris, were formerly associated in the lottery business with the complainants and other persons, jointly as partners in a firm, whose style was generally C. H. Murray & Co., under an arrangement which commenced September 1, 1863, to last for ten years, by which the parties to the arrangement, having transferred all their interest in the lottery business, and grants to trustees (Simmons, Murray and Davis), for the purpose of being carried on by them for the mutual benefit of the proprietors, agreed to do the same with any other lottery grants, or interests therein, which they might severally acquire, under penalty of forfeiting the interest they already possessed in the joint business—the object of the assignments and trust being declared to be the avoiding of conflict of interest between the parties and the advantages of a consolidation and joint control of the whole business. The complainants were not originally parties to this arrangement; but in December, 1867, they became parties thereto, by the purchase with others of certain of the shares, and in January, 1868, they became further interested by consolidating certain lottery interests of themselves and others with the said lottery business of the associates. The whole concern then consisted of one hundred and fifteen shares, of which the complainants owned two and a half shares. The defendant Howard was not an associate, but was the agent of the concern in New Orleans.

The gravamen of complaint is, that in the summer of 1868, whilst the business was thus carried on jointly, the defendants, Howard and Murray, with Zachariah E. Simmons, John A. Morris and other parties concerned and interested in the said business, procured from the legislature of Louisiana an exclusive lottery grant in the shape of a legislative act under which a corporation, called the Louisiana State Lottery Company, was organized by them and a contract made with that corporation for carrying on the lottery business in Louisiana, and that the funds of the joint concern of C. H. Murray & Co. were used by them in procuring said grant, and establishing said business, and that by this contrivance they have monopolized the lottery business in that state and excluded the complainants and their other associates from all participation therein. This is the business which the complainants claim as in equity belonging to the joint concern of C. H. Murray & Co., and for the proceeds of which they seek an account and settlement. The bill states that Morris, Simmons, Wm. F. Simmons, Wm. C. France, Benj. Wood and Henry Cotton are not made parties, because they are citizens of the same state with the complainants.

Conceding as I am inclined to do, that if the facts stated in the bill are true, the claim is well founded and free from the taint of immorality, and that there is no ground for the charge of multifariousness, a question of much gravity still remains in reference to the alleged want of proper parties. I do not perceive any reason for making the Louisiana State Lottery Company a party. Nothing is demanded of it, and no charges of misconduct are made against it. It is no concern of the corporation that its stockholders are responsible to third parties for dividends and profits received. It has nothing to do with their controversies, unless in some way involved therein as a corporate body. Much less is the corporation concerned in the responsibility under which its contractors or agents may have brought themselves in reference to third parties. As to Simmons and Morris, regarded as jointly guilty with the defendants, it is sufficient to say that a breach of trust or an act of bad faith, like a tort at common law, renders the parties, severally as well as jointly, liable as tortfeasors or breakers of trust; therefore they are not necessary parties. There is more force in the objection that the other associates and copartners of the complainants, interested in the same manner as they, are not made parties. If this were the case of an ordinary bill for the settlement of partnership accounts, it is clear that all the partners would be necessary parties, because each has not only an interest in the general balance according to his share in the concern, but has an equitable lien for all advances made by him in its behalf, and is liable in equity as a partner for the advances made by the others; so that no settlement could be made without the actual or constructive presence of all. Hence all must be made parties; and if any of them are nonresidents, process must nevertheless be issued; and in the old English practice, certain forms had to be observed (terminating in the commission of rebellion) before the case could be heard. See Daniell, Ch. Prac. 1253.

In this country, constructive service by publication is generally prescribed and allowed; but as it has been held that the federal courts have no means of effecting constructive service, such cases cannot be brought in them, unless the nonresident defendants voluntarily appear; and not even then, if they are citizens of the same state with the complainants. The present case, it

is true, is not that of the settlement of a partnership concern. The bill seeks to make the defendants account for property in their hands, alleged to be partnership property, and make them trustees for the copartnership in respect thereof. The suit is brought, therefore, for the equal benefit of all the copartners who are not implicated in the transactions complained of. The fact that some of the defendants are copartners does not divest it of the character of a joint partnership demand. If the firm had held a mortgage on the lands of some of the partners for money lent, the complainants could as well have filed a bill to foreclose that mortgage, without making the other partners parties, as to file this bill. They do not even allege that they file it on behalf of themselves and the other partners, which, perhaps, they might do if the number were so great as to render it impracticable that all should be joined. It is simply the case of one or two partners suing alone for a partnership demand without joining the other partners. To this, the defendants have a right to object; for if these complainants can maintain this suit, the other partners similarly interested might maintain similar suits in other courts, for the recovery of the same demand. The excuse given, that to make the others parties would oust the court of jurisdiction, is not sufficient. That consequence cannot make it regular to proceed without them. That only proves that this court is not the proper tribunal to settle the controversy. If it be once settled that the other partners are not merely proper but necessary parties, the complainants cannot set up the limited jurisdiction of the court for not making them such. If, like legatees and distributees of a deceased person's estate, they were entitled to an aliquot share of the moneys sought to be recovered, irrespective of the shares and accounts of their colegatees or cosuccessors; or, in the language of the common law, if they were tenants in common as contradistinguished from joint tenants, or if their titles were both joint and several, they might with more reason be entitled to sue alone for their aliquot share, although an accounting might be necessary to ascertain the amount due. But the moneys sought to be recovered in this case are confessedly partnership moneys, and the complainants pray that they may be accounted for as such, and paid into the common partnership fund. In this state of things, it is evident that all the other partners are equally interested in the suit with the complainants themselves, and are virtually parties to it whether made such or not; and as no sufficient excuse is alleged for not joining therein, the bill is necessarily defective. The case is essentially different from that of a suit brought against partners. In that case, as all are jointly liable in solido, or, according to the civil law, each is liable only for his virile share, a suit could probably be sustained against some of the partners, though the others could not be found within this jurisdiction. The demurrer must be allowed, with costs.