### BOSTON ELECTRIC Co. *v.* ELECTRIC GAS LIGHTING Co.

### SAME *v.* NEW ENGLAND ELECTRIC MANUF'G Co.

*(Circuit Court, D. Massachusetts. May 20, 1885.)*

JURISDICTION OF CIRCUIT COURT—FOREIGN CORPORATIONS—ATTACHMENT—PUB. ST. MASS. CH. 105, § 28.

Defendant corporations, organized under the laws of Maine, but having their principal place of business in Massachusetts, where a majority of their officers and directors resided, were sued in the circuit court for the district of Massachusetts; the writs being served by attachment of corporate property within the latter state, and by service on the corporate officers. *Held*, on pleas to the jurisdiction, that the court had no jurisdiction.

Plea to Jurisdiction.

*J. E. Abbott*, for plaintiffs.

*E. P. Payson* and *A. Eastman*, for defendants.

COLT, J. The defendants' pleas, in both these cases, raise a question of jurisdiction. The defendant corporations, organized under the laws of Maine, have been sued in the circuit court for the district of Massachusetts. The writs were served by attachments of corporate property within this state, and by service upon the proper officers here, if such service could be legally made. It is agreed that the defendant corporations have a usual and principal place of business in Boston; that the president, treasurer, and a majority of the directors of each corporation reside in the state; and that the infringements for which these actions are brought were committed here.

The act of 1875, (18 St. 470,) following the eleventh section of the judiciary act of 1789, provides that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, or shall be found at the time of serving the writ. Courts

of the United States cannot acquire jurisdiction by an attachment of property merely, but there must be a personal service of the writ or process upon the defendant, or a voluntary appearance. *Pennoyer* v. *Neff*, 95 U. S. 714; *Ex parte Railway Co.* 103 U. S. 794; *Nazro* v. *Cragin*, 3 Dill. 474; *Parsons* v. *Howard*, 2 Woods, 1; *Anderson* v. *Shaffer*, 10 FED. REP. 266; *Mohr & Mohr Distilling Co.* v. *Insurance Co.* 12 FED. REP. 474; *Saddler* v. *Hudson*, 2 Curt. 7. It is evident, therefore, that the court could not acquire jurisdiction simply by the attachment of the property of the defendant corporations under the provisions of the Massachusetts statute. Pub. St. *c.* 105, § 28.

The general rule is that a corporation cannot migrate beyond the state by whose laws it is created. *Day* v. *India Rubber Co.* 1 Blatchf. 628. But this rule has been modified, and it is now held that a corporation may be *found* in a foreign state, within the meaning of the federal law, when it exercises its powers by express consent of the legislature of such state, (*Railroad Co.* v. *Harris*, 12 Wall. 65;) or when it is required by a general law of the state to appoint an agent for the service of process, as a condition to the transaction of business within the state, (*Lafayette Ins. Co.* v. *French*, 18 How. 404; *Ex parte Schollenberger*, 96 U. S. 369;) or when, under a general law of the state, foreign corporations are made liable to suit without the appointment of an agent for that particular purpose. *Williams* v. *Empire Transp. Co.* 14 O. G. 523; *Wilson Packing Co.* v. *Hunter*, 7 Reporter, 455; *St. Clair* v. *Cox*, 106 U. S. 350; S. C. 1 Sup. Ct. Rep. 354.

A corporation of one state cannot do business in another state without the latter's consent, express or implied; and that consent may be accompanied with such conditions as it may think proper to impose. *St. Clair* v. *Cox, supra.* When the state, by local law, provides that foreign corporations doing business in the state shall be amenable to suit, such foreign corporations thereafter carrying on business in the state are liable to suit. But clearly, by the great weight of authority, this rule has not been extended so as to permit a corporation to be sued in a foreign state because it carries on business there, in the absence of a state law authorizing such suit. The supreme court say, in *Lafayette Ins. Co.* v. *French:*

"We limit our decision to the case of a corporation acting in a state foreign to its existence under a law of that state, which recognized its existence for the purposes of making contracts, and being sued on them through notice to its contracting agents."

In *Railroad Co.* v. *Harris*, the court said:

"It [the corporation] cannot migrate, but may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there. If it do business there, it will be presumed to have assented."

Chief Justice WAITE thus defines the rule in *Railroad Co.* v. *Koontz*, 104 U. S. 5:

"It is well settled that a corporation of one state doing business in another is suable where its business is done, if the laws make provision to that effect."

Perhaps the latest expression of the supreme court on this subject is in *New England Mut. L. Ins. Co.* v. *Woodworth*, 111 U. S. 138, S. C. 4 Sup. Ct. Rep. 364, where Mr. Justice BLATCHFORD says:

"In the courts of the United States, it is held that a corporation of one state, doing business in another, is suable in the courts of the United States established in the latter state, if the laws of that state so provide, and in the manner provided by those laws."

See, also, *Eaton* v. *St. Louis Shakspear Min. & S. Co.* 7 FED. REP. 139; *West* v. *Home Ins. Co.* 18 FED. REP. 622. At the time these suits were brought, Massachusetts had no local law making foreign corporations doing business in the state amenable to suits, except foreign insurance companies, and except the provisions in relation to attachment, which, under a well-settled rule, could not give this court jurisdiction. Recently, however, feeling the necessity for such a law, a statute has been passed requiring all foreign corporations doing business in the state to appoint an agent, upon whom service can be made. Acts 1884, c. 330.

The plaintiffs rely upon the case of *Hayden* v. *Androscoggin Mills*, 1 FED. REP. 93. A similar question of jurisdiction there arose on a motion to dismiss, and the decision was based primarily on the impropriety of the motion. Judge LOWELL, however, goes on to discuss the merits of the question, and while he intimates, at the close, that if the question was brought up in some new form, his decision might be different, yet he gives it as his opinion that a foreign trading corporation doing business in the state of Massachusetts may be sued in the circuit court, by summons duly served upon an officer of the company, the fact of attachment being immaterial. We cannot adopt this view in the light of what we believe to be the great weight of authority on this question. The pleas to the jurisdiction of the court are sustained.