## St. Louis R. Co. *v.* Pacific Ry. Co.

*(Circuit Court, S. D. California.  November 18, 1892.)*

1. CIRCUIT COURTS—JURISDICTION—DIVERSE CITIZENSHIP—CORPORATIONS.
    Under Act Aug. 13, 1888, (25 St. at Large, p. 433,) § 1, providing that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant," the circuit court for the southern district of California has no jurisdiction of a suit by a Missouri corporation against an Illinois corporation, although the latter was organized for the purpose of doing business in the southern district of California, and has its principal office there.

2. SAME—JURISDICTION BY CONSENT.
    The fact that defendant filed an answer on the merits would not authorize the maintenance of such a suit, for this would be to give jurisdiction by consent in a case not within the general jurisdiction of the court.

At Law.

*W. P. Gardiner*, *Allen, Cowrey & Miller*, and *Edwin Walker*, for plaintiff.

*S. C. Hubbell* and *J. S. Chapman*, for defendant.

Ross, District Judge.  This is a motion to dismiss the suit for want of jurisdiction, made after the filing of an answer to the merits, but before trial.  The answer, however, also denied the jurisdiction of the court.  It is well settled that the circuit courts have no jurisdiction except such as is conferred by the constitution and laws of the United States, and that to bring a case within it the jurisdiction must be affirmatively shown.  The controversy between the parties to the present suit grows out of contract, and the asserted jurisdiction of this court is founded solely on the diverse citizenship of the parties.  The complaint alleges that the plaintiff is, and at all times therein mentioned has been, a corporation duly organized under the laws of the state of Missouri, and a citizen and inhabitant thereof, having its principal place of business in the city of St. Louis, of that state; that the defendant is, and at all the times mentioned in the complaint has been, a corporation duly organized under the laws of the state of Illinois, and a citizen of that state, having its principal place of business, however, at the city of Los Angeles, state of California, and is, and has been during the times mentioned in the complaint, an inhabitant of the city of Los Angeles, state of California; that the defendant corporation was organized for the purpose of doing business in Los Angeles city, the chief object of which was and is the construction, extension, and operation of street-car lines.

which purposes were expressed in its articles of incorporation; that there is, and at all the times mentioned in the complaint has been, a statute of the state of California providing that every corporation created after its passage by the laws of any other state, and doing business in the state of California, shall, within 60 days from the time of commencing to do business in this state, designate some person residing in the county in which the principal place of business of such corporation in the state of California is, on whom process issued by authority of or under any law of said state of California may be served; and that said statute further provides that such service shall be made on such person in such manner as shall be prescribed in case of service required to be made on foreign corporations, and such service shall be deemed to be a valid service; that the defendant corporation did heretofore, pursuant to this state statute, designate one John J. Aiken, who then was and since has been a person residing in the county of Los Angeles, state of California, as a person upon whom process issued by authority of or under any law of the state of California may be served; and that the defendant corporation has consented to be sued in this district, as a condition upon which it acquires the right to do business in the state of California.

In the case of *Shaw* v. *Mining Co.*, 145 U. S. 444, 12 Sup. Ct. Rep. 935, the precise point adjudged was that under the act of March 3, 1887, (24 St. p. 552,) as amended by the act of August 13, 1888, (25 St. p. 433,) fixing the jurisdiction of the circuit courts of the United States, a corporation incorporated in one state only cannot be compelled to answer in a circuit court of the United States held in another state, in which it has a usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different state. But the sole reason why such a corporation cannot be compelled to answer to such a suit is because the court has no jurisdiction over the parties. In that case, the supreme court, after referring to the judiciary act of September 24, 1789, and to the subsequent acts of congress in relation to the jurisdiction of the federal courts, including the act of March 3, 1887, as amended by that of August 13, 1888, say:

"The act of 1887, both in its original form and as corrected in 1888, re-enacts the rule that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, but omits the clause allowing a defendant to be sued in the district where he is found, and adds this clause: ' But, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' 24 St. p. 552; 25 St. p. 434. As has been adjudged by this court, the last clause is by way of proviso to the next preceding clause, which forbids any suit to be brought in any other district than that whereof the defendant is an inhabitant; and the effect is that ' where the jurisdiction is founded upon any of the causes mentioned in this section, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but, where the jurisdiction is founded solely upon the fact that the parties are citizens of different states, the suit may be brought in the district in which either the plaintiff or the defendant resides.' *Machine Co.* v. *Walthers*, 134 U. S.

41, 43, 10 Sup. Ct. Rep. 485. And the general object of this act, as appears upon its face, and as has been often declared by this court, is to contract, not to enlarge, the jurisdiction of the circuit courts of the United States. *Smith* v. *Lyon*, 133 U. S. 315, 320, 10 Sup. Ct. Rep. 303; *In re Pennsylvania Co.*, 137 U. S. 451, 454, 11 Sup. Ct. Rep. 141; *Fisk v. Henarie*, 142 U. S. 459, 467, 12 Sup. Ct. Rep. 207. As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a circuit court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides, within the state of which he is a citizen; and that this act, therefore, having taken away the alternative permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident. In the case of a corporation, the reasons are, to say the least, quite as strong for holding that it can sue and be sued only in the state and district in which it has been incorporated, or in the state of which the other party is a citizen. * * * The statute now in question, as already observed, has repealed the permission to sue a defendant in a district in which he is found, and has peremptorily enacted that, 'where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' In a case between natural persons, as has been seen, this clause does not allow the suit to be brought in a state of which neither is a citizen. If congress, in framing this clause, did not have corporations in mind, there is no reason for giving the clause a looser and broader construction as to artificial persons, who were not contemplated, than as to natural persons, who were. If, as it is more reasonable to suppose, congress did have corporations in mind, it must be presumed also to have had in mind the law, as long and uniformly declared by this court, that, within the meaning of the previous acts of congress giving jurisdiction of suits between citizens of different states, a corporation could not be considered a citizen or a resident of a state in which it had not been incorporated."

Applying this reasoning to the facts of the present case, it is obvious that this court has no jurisdiction of the parties to the suit, because neither is a citizen of this state. Nor is either a resident of this district or of this state. In *Shaw* v. *Mining Co.*, *supra*, the court cite with approval the previous cases of *Insurance Co.* v. *Francis*, 11 Wall. 210, and *Ex parte Schollenberger*, 96 U. S. 369. In the former case the court said:

"A corporation can have no legal existence outside of the sovereignty by which it was created. Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will, and, although it may be permitted to transact business where its charter does not operate, it cannot, on that account, acquire a residence there."

And in *Ex parte Schollenberger:*

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter or excluded by local laws."

To make applicable the rule that the right to be sued in a particular district is a mere privilege, which may be waived by plea to the merits, the parties and subject of controversy must be within the general jurisdiction of the court as defined by the statute. To apply that rule to a case not within such general jurisdiction would be to affirm that consent can give jurisdiction, which manifestly cannot be done. The motion to dismiss the suit for want of jurisdiction must be granted, and it is so ordered.