JELLENIK et al. v. HURON COPPER MIN. CO. et al.

(Circuit Court, W. D. Michigan, N. D.　September 14, 1897.)

No. 115.

1. STOCK OF MICHIGAN CORPORATION — PERSONAL PROPERTY — SITUS THAT OF OWNER.

Stock in a Michigan corporation is personal property, and its situs follows the domicile of the legal owner, except in those instances where for special purposes the legislature has localized it.

2. SUIT TO ESTABLISH TITLE TO CORPORATE STOCK—NOTICE BY PUBLICATION— JURISDICTION OF FEDERAL COURT.

In a suit to establish their rightful title and ownership, by persons claiming equitable title to stock of a Michigan corporation, a federal court of that district cannot, by publication of notice, acquire jurisdiction of nonresident holders of the legal title to such stock.

Clarke & Pearl, for complainants.
Chadbourne & Rees, for defendants.

SEVERENS, District Judge.　This case was argued and submitted some time ago. The question of jurisdiction is one upon which I have had much doubt and difficulty. Certain of the defendants are alleged to hold the legal title to certain stock in a Michigan corporation, and these defendants are nonresidents of the state. The complainants allege that by reason of certain transactions alleged in the bill those defendants have acquired the legal title in fraud of their rights, that they are equitable owners of this stock, and pray for a decree establishing their rightful title and ownership of it. The defendants referred to are necessary parties to the controversy, and the court cannot proceed to an effective decree without their presence. An order for publication of notice to them, under the provisions of the statute in that behalf, was made, and duly published; but they refused to appear in the case, and the question is whether the court has lawful authority to proceed further.

The decisive question which concerns the jurisdiction is whether the stock—which, upon general principles, as well as by express provision of the Michigan statute, is personal property—has its situs, for the purpose of determining the question in hand, within the district in which the suit is brought. It is stated in the text-books that stock in a corporation has its situs in the state under whose laws it is organized; but closer examination of the subject leads me to the conclusion that this is only so to the extent and for the purpose of authorizing legislation within the state upon the theory of its local existence there, and that the rule does not have so complete an effect

as to localize it for all purposes. It has been held by the federal courts in a number of decisions, which this court must respect, that the right of a shareholder is in the nature of a chose in action,—that it is personal property, and follows the person of the owner. The language of the courts in general is not altogether harmonious in respect of the character of the peculiar title and right which a shareholder has. It appears to me that the above-stated doctrine of the federal courts is in the clearest analogy to the general doctrine that the situs or locality of personal property is that of the person holding the legal title to it. The result of such a view must be that the shares of stock in question are not personal property within the district within the purview of the statute of the United States authorizing the bringing in by publication of notice of nonresident defendants who assert some right or claim to the property which is the subject of suit. If these views are sound, the proper forum for the litigation of the questions here involved would be in the state of which the defendants are citizens, and might be in the federal courts exercising jurisdiction there, if, as the bill states, the complainants are citizens of still other states. Although it may well be admitted that, inasmuch as the corporation itself is a citizen of the state of Michigan, and that, to obtain full relief, the corporation should be a party to the suit, to the end that the proper entries evidencing the title of the complainants to the stock may be made in its books, this consideration does not appear to me to be controlling. It may be that two successive suits may be necessary to fully accomplish the rights which the complainants claim, but the jurisdiction of the court is established by law, and it cannot transcend its limits upon the suggestion of expediency merely. The statute of Michigan declares shares of stock in such corporations as the Huron Copper-Mining Company to be personal property, but it goes no further than to make this bald declaration, and in truth this is no more than declaratory of the general doctrine. There is not, as it seems to me, any sufficient ground for holding that this statutory declaration displaces the rule that personal property follows the domicile of the owner. The probability is that the Michigan statute was not intended to do more than to make firm the ground upon which for special purposes, such as taxation and the levy of execution, shares of stock might be deemed to be present within the state, and so subject to local control and disposition. These considerations compel me to hold that, as the means for obtaining jurisdiction over the persons of the individual defendants, nonresidents of the state, have been exhausted without avail, the court is powerless to afford any effective aid to the complainants, and should dismiss the suit. Let an order be entered dismissing the bill for want of jurisdiction of necessary parties defendant.