# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

UNITED STATES v. S. P. SHOTTER CO.

(Circuit Court, S. D. Alabama. May 27, 1901.)

No. 1,215.

FEDERAL JURISDICTION—DIVERSE CITIZENSHIP—CORPORATIONS.

 A corporation of one state is not, for the purpose of federal jurisdiction, under Act Cong. March 3, 1887, as amended by Act Cong. Aug. 13, 1888, an inhabitant or resident of another state in which it has a usual place of business.[1]

At Law.

Morris D. Wickersham, U. S. Atty., for the United States.

Stoutz & Armbrecht, for defendant.

TOULMIN, District Judge. The question raised by the demurrer is one of jurisdiction. The defendant is a corporation incorporated under the laws of the state of West Virginia, but at the time of the act complained of it had a place of business and carried on business in this state and in this district by and through a representative or agent, on whom service of process was had in this case. The judiciary act of 1875 provided that no civil suit shall be brought against any person outside of the district in which he resides or may be found at the time of service of process, etc. Under the act the decisions of the federal courts were that when a foreign corporation carried on business in a state by means of an agent or representative appointed to act there, and having charge and management of such business, it impliedly assents to be found and sued there in the person of such agent. It was held that a corporation may be found in a foreign state, within the meaning of the federal law, when it exercises its powers by express consent of the legislature of such state, or when it is required by a general law of the state to appoint an agent for the service of process as a condition to the transaction of

---

[1] Citizenship of corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.

business within the state. Railroad Co. v. Harris, 12 Wall. 65, 20 L. Ed. 354; Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Boston Electric Co. v. Electric Gas-Lighting Co. (C. C.) 23 Fed. 839. The state of Alabama imposes as a condition to the transaction of business within the state a liability to suit here by service on an agent. Doing business in the state by an agent was treated by the authorities as an agreement or consent on the part of the foreign corporation to be "found" here, within the meaning of the federal judiciary act of 1875, for the purpose of suit, whether in the state or federal courts. U. S. v. American Bell Tel. Co. (C. C.) 29 Fed. 17–37. The act of March 3, 1887, as amended by act of August 13, 1888, fixing the jurisdiction of the circuit courts of the United States, omits the clause in the act of 1875 allowing a defendant to be sued in the district where he is "found." St. Louis R. Co. v. Pacific R. Co. (C. C.) 52 Fed. 770; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. Under the acts of March 3, 1887, and August 13, 1888, a corporation incorporated in one state only cannot be compelled to answer in a circuit court of the United States held in another state, in which it has a usual place of business, to a civil suit, at law or in equity, brought by a citizen of a different state. Shaw v. Mining Co., supra. The case of Shaw v. Mining Co. was a suit brought in the circuit court of the United States for the Southern district of New York against the Quincy Mining Company, a corporation organized under the laws of the state of Michigan, and having a usual place of business in the city, county, and state of New York. Service of process was had on the secretary of the defendant company in the Southern district of New York. The defendant appeared and moved for an order to set aside the service. The order was granted on the ground that the defendant was "a corporation created and existing under the laws of the state of Michigan, and is not an inhabitant of the Southern district of New York." The case went to the supreme court on a petition for a writ of mandamus to the circuit court to command it to take jurisdiction of the case. The writ of mandamus was denied. The court, in its opinion, said "that the act of 1887, and as corrected in 1888, re-enacts the rule that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, but omits the clause allowing a defendant to be sued in the district where he is found." The court holds that where the jurisdiction is founded upon any of the causes mentioned in the act, except the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; that the act referred to applies to corporations; and that a corporation is an inhabitant of the state under whose laws it was created. See, also, authorities cited in the opinion of Shaw v. Mining Co., supra. In U. S. v. Southern Pac. R. Co. (C. C.) 49 Fed. 297, Justice Harlan holds that the federal circuit courts possess no powers except such as the constitution and acts of congress concur in conferring, and the presumption is that every case is without their jurisdiction until the contrary affirmatively appears; that the act of congress of March 3, 1887, requiring suits in which the federal jurisdiction is founded only on

diversity of citizenship to be brought in the district of the residence either of the plaintiff or of the defendant, does not apply to suits brought by the federal government; and that the only restriction with respect to such suits is that they shall be brought in the district of which the defendant is an "inhabitant." He, however, holds that a corporation is an "inhabitant" of the state in which it has a usual place of business, and does business by its agent or representative. On the last point he maintained the jurisdiction of the case, on which proposition he differs with the supreme court of the United States. See Shaw v. Mining Co., supra. The suit at bar is not one founded on the diverse citizenship of the parties. It seems to me that the case of Shaw v. Mining Co., supra, is directly in point, and must control the decision in this case. I am therefore constrained to sustain the demurrer, and it is so ordered.