## NICHOLS *v.* JONES and another.[1]

*(Circuit Court, N. D. Alabama.* February, 1884.)

1. **EQUITY JURISDICTION.**
    Where the case shows that a multiplicity of suits at law will be necessary for the complainant to obtain at law an adequate remedy, a bill in equity will be maintained.

2. **INJUNCTION.**
    Injunctions are granted to prevent trespasses as well as to stay waste where the mischief would be irreparable and to prevent a multiplicity of suits.

In Equity. On motion for injunction.

The complainant's bill shows that on the seventh of May, 1873, Henry Clews being the owner and in possession of certain mineral lands in Calhoun county, in this state, sold and conveyed for value the same to John M. Guiteau, who afterwards, on the sixth of June, 1876, sold and conveyed to John P. McEwan, and that the latter, with

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

his wife, on the sixth of March, 1880, by proper deed, sold and conveyed the same to complainant, and that all of the said conveyances were properly acknowledged and recorded in the county of Calhoun prior to the year 1880, except the one last mentioned. Further, that the defendants claim title to the same premises by virtue of an attachment suit instituted in the circuit court of Calhoun county early in the year 1880, by defendant Jones against said Henry Clews, a citizen of New York, in which suit said lands were attached, a judgment recovered, and the lands sold by the sheriff of Calhoun county under execution to said Jones on May 31, 1880. Further, that at a former term of this court complainant had instituted a suit for the possession of said lands against one Ashley, a tenant of defendant Jones in possession of the same, and recovered a judgment, which was executed by the marshal, who, under a writ of *habere facias possessionem*, placed complainant in possession, and that complainant took possession and held the same by his agent and tenant, and that thereafter the defendant, with fraud and illegal influence over the said tenant, dispossessed complainant, possessed himself, and has ever since detained and now holds the same. Further, that complainant has instituted an action for damages against said Jones in the circuit court of Calhoun county, because of his said trespass, which action is now pending. The bill also alleges that the lands are valuable only as mineral lands; that defendants are mining and removing ore, and thereby inflicting irreparable damage; that defendant Jones is insolvent, and defendant Morgan has little, if any, means; and that only by a multiplicity of suits at law can complainant, if at all, protect his rights.

The defendants, by answer not sworn to, deny that complainant is owner of the lands described, and allege fraud and collusion in the conveyances from Clews to complainant's grantor, and the fraud and collusion of complainant and Ashley in obtaining the judgment in this court for possession, which judgment has been set aside and defendants admitted as parties, and that the suit is still pending; and they deny all fraud and illegal influence in obtaining possession from complainant's tenant as set forth in the bill; and all other matters charged in the bill are admitted, the defendants particularly claiming *bona fide* title under the attachment proceedings set forth in bill and answer.

An admission is now filed in the record that when the bill in this case was filed an action of ejectment by the complainant against the defendants for the land in controversy was pending in this court; that on November 5, 1883, the complainant dismissed his said action of ejectment, and that there is now no action of ejectment pending by the complainant for the land in controversy. An inspection of the record shows that the said action of ejectment was dismissed under an order of court rendered at last term compelling the complainant to elect between his action of ejectment and this equity action. At this time a motion, after due notice, is made for an injunction to restrain,

*pendente lite,* the defendants from wasting the lands in controversy by removing the mineral deposits therefrom.    The defendants admitting the facts of removal of minerals, resist the motion on the two grounds —of want of equity in the bill, and of diligence on the part of complainant.

D. P. *Lewis,* for complainant.

*Ward & Cabaniss* and *J. D. Brandon,* for defendants.

PARDEE, J.    It seems clear that if complainant has brought his case within our equity jurisdiction a proper and meritorious case for an injunction is shown.    The admitted damages committed and being committed by defendants are irreparable, restitution being impossible, and the money value not being ascertainable, and the defendants are insolvent, or next door to insolvency.    The defendants first urge that as no suit in ejectment is pending, and no specific fraud alleged in the bill, the action is one of ejectment in the form of a bill in chancery.    Were this all of the case there would be nothing further to do than to refuse the motion and, *sua sponte,* direct the bill to be dismissed.    *Lewis* v. *Cocks,* 23 Wall. 469.    But the complainant shows one suit for damages now pending, the recovery of one judgment in ejectment, and possession obtained thereunder, which was lost by the fraud and illegal influences of the defendants, and the case shows that a multiplicity of suits at law will be necessary for the complainant to obtain at law an adequate remedy.    Equity will entertain bill to prevent a multiplicity of suits.    *Garrison* v. *Ins. Co.* 19 How. 312; Story, Eq. Jur. § 928.    Injunctions are granted to prevent trespasses as well as to stay waste, where the mischief would be irreparable and to prevent a multiplicity of suits.    *Livingston* v. *Livingston,* 6 Johns. Ch. 497; Story, Eq. Jur. §§ 928, 929.    That the defendants deny complainant's title, and that no suit at law is pending to settle the question of title, is a very serious objection to the granting of the injunction asked; but it seems the effect of this is avoided from the following facts apparent on the record:  (1) The defendants do not deny nor assert title under oath.    *Griffin* v. *Bank,* 17 Ala. 258; *Rainey* v. *Rainey,* 35 Ala. 282.    (2) The title claimed by defendant as defeating complainant's, appears to be one obtained by attachment against a bankrupt, issued long after the bankruptcy and seizing property sold by the bankrupt months before the bankruptcy, making a very doubtful pretense of title, nearly a sham on its face.    Rev. St. §§ 5119, 5120; *Bank* v. *Buckner,* 20 How. 108. (3) The defendants compelled the complainant to elect between his bill in equity and his suit in ejectment, and now object to the state of litigation as forced by themselves.

In the case of *West Point Iron Co.* v. *Reymert* it was held that mines, quarries, and timber are protected by injunction, upon the ground that injuries to and depredations upon them, are, or may cause, irreparable damage, and with a view to prevent a multiplicity of suits; nor is it necessary that the plaintiff's right should be first established

in an action at law. 45 N. Y. (6 Hand.) 703. And in that case the court further said:

"It was a proper case for relief by injunction if the plaintiff's right to the mine was established, and it was not necessary that the right should be first established in an action at law. The injury complained of was not a mere fugitive and temporary trespass, for which adequate compensation could be obtained in an action at law, but was an injury to the *corpus* of the estate." Page 705.

See, also, *Thomas* v. *Oakley*, 18 Ves. 184; Story, Eq. Jur. 929; and see *McLaughlin* v. *Kelly*, 22 Cal. 211.

The want of diligence urged against the complainant is that, as the defendants filed their answer September 14, 1883, the complainant should have had his case ready for hearing at the October term following. The complainant had until the October rules to demur, or reply, and then he was entitled to three months to take testimony before he could be charged with want of diligence. Besides the October term seems to have been used up in determining whether complainant should elect between his action at law and his bill in equity, and from affidavit on file, it seems the chancery docket was not called from press of other business.

On the whole case, I do not see, in view of the insolvency of the defendants, rendering a multiplicity of suits necessary for the complainant to protect himself at law, and that the injuries complained of are to the body of the estate, and considering that this court has forbidden the complainant to prosecute his suit at law and his bill in equity at the same time, how, in equity, an injunction preserving the rights of the parties, pending the suit, can be refused.

The rights of the defendants will be saved by complainant's giving bond in the sum of $1,000.