## TIFFANY v. UNITED STATES.

### (Circuit Court, S. D. New York. January 31, 1895.)

### No. 722.

CUSTOMS DUTIES—CLASSIFICATION—ANTIQUE OPAL—ACT OF OCTOBER 1, 1890.

A single antique opal produced at a period prior to 1700 is not entitled to free entry under paragraph 524 as a "collection of antiquities," but is dutiable at 50 per cent. ad valorem as jewelry, under paragraph 452 of the act of October 1, 1890, notwithstanding it was imported with other articles, whose production prior to 1700 had not been satisfactorily established by evidence.

The importation in question was a gem of great value and antiquity known as the "Hope Opal." The importer insisted that it was entitled to enter duty free under paragraph 524 of the free list of the tariff of 1890. The collector's action in assessing duty was sustained by the board of general appraisers. The importer appealed. Affirmed.

William B. Coughtry, for importer.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The section of the free list which is invoked by the importer, refers with great clearness, not to single articles which have been part of foreign collections or to single articles which are intended to be added to collections in this country, but it refers to collections of antiquities. The collection must be imported. If an importer assembles a collection of antiques, which, under the decisions of the courts, must certainly contain more than two articles, and intends to import the collection into this country, the mere fact that through mistake the articles forming the collection are imported in different steamers, or at different times is not material. But there must be a collection of which the importation is a part. It seems to be conceded from the proof here that the importation in question came here alone, and there is no evidence of which the court can take cognizance that it was part of a collection of antiques assembled in London and imported to this country and reassembled. In order to reach such a conclusion I would have to substitute conjecture for proof, and surmise that "Babylonian cylinders," whatever they may be, are antiquities with-

in the definition of the statute. There is no proof to warrant the court in saying that the opal in question was part of a collection of antiques produced before the year 1700. This being so, it is an importation of a single article, and no court has gone to the extent of holding that one article constitutes a collection. The decision of the board sustaining the action of the collector in assessing duty under paragraph 452 must be affirmed.