## DAVIS v. UNITED STATES.

(Circuit Court, S. D. New York. February 12, 1896.)

### No. 2,164.

CUSTOMS DUTIES—CLASSIFICATION—COLLECTIONS OF ANTIQUES.

Several different antique articles, never assembled together in Europe, but imported in separate ships, under separate invoices, could not be entered free, under paragraph 524 of the act of 1890 (26 Stat. 604), as a "collection of antiquities," although the importer intended to add them to a collection in this country. Tiffany v. U. S., 66 Fed. 729, followed.

Appeal by the importer from a decision of the board of general appraisers which sustained the action of the collector in assessing duty upon the importations in question.

D. B. Ogden, for importer.
Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The articles in controversy in this cause are five in number, and consist of one tapestry and four paintings. These articles were purchased at different times, of different dealers and artists, and were sent to this port in different ships, arriving at different dates, no one of the invoices containing more than one article. It is conceded that they were not assembled together in Europe further than in the mind and intention of the importer. There was no actual assembling together. Although I am in favor of the most liberal interpretation of the paragraphs of the tariff law relating to works of art, it seems to me, having in view the language of the paragraph and the inter-

pretation which has so often been placed thereon by this court and by the circuit court of appeals, that there is here no room for construction. The case of Tiffany v. U. S., 66 Fed. 729, to which the attention of the court is called, was decided by the judge who is now sitting. In that case the effort was to place on the free list an antique opal, known as the "Hope Opal," and there was evidence tending to show that it was the intention of the importer to add it to a collection, but it came here alone in one invoice. The court held that:

"If ·an importer assembles a collection of antiques, which, under the decisions of the courts, must certainly contain more than two articles, and intends to import the collection into this country, the mere fact that through mistake the articles forming the collection are imported in different steamers or at different times is not material. But there must be a collection of which the importation is a part."

In other words, it is the collection that must be imported. The collector must deal with facts, not intentions. Concededly there was no collection of these articles in Europe. The fact that imported antiques are assembled in this country is not material.

The decision of the board is affirmed.