A. L. WOLFF & CO. v. CHOCTAW, O. & G. R. CO. et al.

(Circuit Court, E. D. Arkansas, W. D.   November 18, 1904.)

No. 5,275.

1. JURISDICTION OF FEDERAL COURTS.

Under Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], a party cannot be sued in a federal court in any district other than that of which he is an inhabitant, except when the jurisdiction is invoked only upon the ground of a diversity of citizenship the action may be maintained in the district of the residence of either the plaintiff or the defendant; but, as this provision of the law is merely a privilege for the benefit of the defendant, he may waive it.

2. SAME—AGAINST FEDERAL CORPORATIONS.

An action against a corporation created by an act of Congress is one arising under the laws of the United States, and under the act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], can only be maintained in a federal court of the district of which it is an inhabitant (i. e., has its principal offices and transacts its corporate business), regardless of the residence of the plaintiff.

3. RESIDENCE OF CORPORATION.

A corporation is an inhabitant of the state and district in which its principal offices are, and its corporate business is transacted. The fact that it is doing business in a state or district other than that in which it has its residence, although it has, in compliance with the laws of such other state, consented to be sued in its courts, and for that purpose appointed an agent upon whom legal process may be served, does not make it an inhabitant of such state or district, within the meaning of the act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508].

(Syllabus by the Court.)

J. H. Harrod, for plaintiff.
E. B. Peirce, for defendants.

TRIEBER, District Judge. The plaintiffs, citizens of the state of Missouri, instituted this action to recover damages from the defendants, the Choctaw, Oklahoma & Gulf Railroad Company, a corporation created by an act of Congress, having its principal office in the Indian Territory, and the Chicago, Rock Island & Pacific Railroad Company, a corporation created by and existing under the laws of the state of Illinois; both of the corporations doing business in this state and district.

While the residence of the parties, if there is a diversity of citizenship, or the cause of action is of a nature which the Constitution authorizes Congress to place within the jurisdiction of the national courts, is not strictly jurisdictional, but merely a privilege for the benefit of the defendant, which he may waive (Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; St. Louis, etc., R. Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401; Memphis Savings Bank v. Houchens, 115 Fed. 96, 52 C. C. A. 176), the defendants in this case declined to waive it, and object to the assumption of jurisdiction by this court.

The jurisdiction of this court as against the Rock Island Company is invoked upon the sole ground of a diversity of citizenship, but, as neither the plaintiffs nor that corporation are citizens of this state and inhabitants of this district, the objection to the jurisdiction must be sustained, as the act of March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], expressly provides that actions "which are founded only on the fact that they are between citizens of different states shall be brought only in the district of the residence of either the plaintiff or defendant." It is equally well settled by the decisions of the Supreme Court that a corporation cannot be considered a citizen and inhabitant or a resident of a state in which it has not been incorporated, although it does business in that district, and has, in compliance with the laws of that state, consented to be sued in its courts, and appointed an agent upon whom legal process against it may be served. Consequently a corporation incorporated in one of the states of the Union cannot be compelled to answer to a civil suit at law or in equity in a Circuit Court of the United States held in another state or district, even if the corporation has a usual place of business in that district, unless the plaintiff is a citizen and resident of this district. McCormick Company v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 377; In re Keasbey & Mattison Company, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402.

As to the other defendant, the Choctaw, Oklahoma & Gulf Railroad Company, the objection to the jurisdiction of this court is upon other grounds. That defendant being a corporation created by an act of Congress, the jurisdiction of this court is invoked upon the ground that it is an action arising under the laws of the United States. Pacific

Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Butler v. National Home, 144 U. S. 64, 12 Sup. Ct. 581, 36 L. Ed. 346; Texas & Pacific Railway Co. v. Cox, 145 U. S. 601, 12 Sup. Ct. 905, 36 L. Ed. 829; U. S. Freehold L. & E. Co. v. Gallegos, 89 Fed. 769, 32 C. C. A. 470; Supreme Lodge K. of P. v. England, 94 Fed. 369, 36 C. C. A. 298.

Can a corporation of that kind be sued in a national court of a district other than that of which it is an inhabitant? The authorities hereinbefore cited are conclusive that a corporation is an inhabitant only of the state and district in which its principal place of business is. In Galveston, etc., Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, it was held that a suit against a domestic corporation can only be maintained in a national court of the district in which its principal offices are, where its books are kept, and its corporate business transacted, although it may transact its most important business in another district or state. The act of March 3, 1887, provides that "no civil suit shall be brought before either of said courts [the courts of the United States] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." Had there been nothing else added to this section, there could be no doubt whatever that no person could be sued in a national court in any district other than that of which he is an inhabitant, within the meaning of the law as hereinbefore defined. The fact that the act of March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], of which the present act is amendatory, had this additional clause, "or in which he [the defendant] shall be found at the time of serving of such process or commencing such proceeding, except as hereinafter provided," is omitted in the act of 1887, is proof conclusive that the intention of Congress was to limit the jurisdiction of the national courts, and not to permit a party to be sued in a national court in any district other than that whereof he is an inhabitant, except in the one instance mentioned in the proviso to that section of the act of March 3, 1887. That proviso is:

"But where the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either plaintiff or defendant."

It is therefore apparent that, under the judiciary act now in force, a suit arising under the laws of the United States—and this action, so far as it concerns the Choctaw, Oklahoma & Gulf Railroad Company, is of that nature—cannot be maintained in a national court in any other district than that wherein the defendant resides, unless the defendant sees proper to waive this privilege accorded him by the statute.

In re Keasbey & Mattison Company, supra, the suit arose under the trade-mark laws of the United States, and was instituted in the Circuit Court for the Southern District of New York by a corporation of Pennsylvania against a corporation existing under the laws of the state of Massachusetts, but doing business and having an agent authorized to be served with process in the Southern District of New York; and the court held, after reviewing all previous decisions of that court, and the language of the judiciary act of March 3, 1887, that the defendant could

not be compelled to answer in that district, of which it was not an inhabitant.

In United States v. S. P. Shotter Company, 110 Fed. 1, the government instituted a civil suit in the Circuit Court of the United States in the state of Alabama against the defendant, a corporation created under the laws of the state of West Virginia, but carrying on business within the District of Alabama. On the authority of Shaw v. Mining Company, supra, it was held that the court was without jurisdiction, z the defendant corporation was an inhabitant of the state of West Virginia, the state of its incorporation, and could not be sued by the government in a court of the United States for the District of Alabama, although found there, and having an agent authorized to be served with process against it. Other cases to the same effect are Donnelly v. U. S. Cordage Co. (C. C.) 66 Fed. 613; Manufacturing Co. v. Watson (C. C.) 74 Fed. 418; United States v. O'Brien (C. C.) 120 Fed. 446.

The fact that Congress, by the act of 1887, made special provision for actions in which the jurisdiction depends only on a diversity of citizenship, permitting them to be maintained in the district of the residence of the plaintiff or defendant, but made no such provision for actions in which the jurisdiction depends upon other grounds, clearly indicates that it did not intend to permit a party to be sued in a national court in any district other than that where he resides, except where the jurisdiction is invoked upon the sole ground of a diversity of citizenship. No doubt this works a great hardship in cases of this kind—actions against federal corporations. They are permitted to remove a cause from a state to a national court against the wishes of the plaintiff, but cannot be impleaded in a national court, if such is the wish of the plaintiff, except in the district in which its principal offices are. But courts are powerless to remedy this injustice. Congress alone possesses that power, and until it sees proper to change the law the courts are bound by the statutes.

The demurrer of each of the defendants must be sustained, and the cause dismissed for want of jurisdiction.