## MAXWELL v. FEDERAL GOLD & COPPER CO.

(Circuit Court of Appeals, Eighth Circuit. July 5, 1907.)

### No. 2,449.

1. COURTS—JURISDICTION OF FEDERAL COURTS—CONTROVERSY BETWEEN CITIZEN OF STATE AND CITIZEN OF TERRITORY.

Diversity of citizenship between citizens of different states is indispensable to sustain the jurisdiction of a federal court on that ground.

A controversy between a citizen or citizens of a state or states and a citizen or citizens of a territory or territories will not confer jurisdiction upon a national court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 853.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249 and Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—TERRITORIAL LAWS NOT LAWS OF UNITED STATES.

The laws enacted by a territorial Legislature, subject to disapproval by Congress, are not laws of the United States, and a suit arising under them, as where a corporation organized under them is a party to the suit, does not arise under the laws of the United States, and a federal court has no jurisdiction on that ground.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 820.]

3. SAME—JURISDICTION—LACK OF, FATAL TO GENERAL JUDGMENT FOR DEFEND-
ANT.

Where the court has no jurisdiction, a general judgment for the defend-
ant is erroneous, because it renders the merits of the case res adjudicata.
It must be reversed and a judgment of dismissal for want of jurisdiction,
or without prejudice, entered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 158.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District
of Minnesota.

H. V. Mercer (George P. Wilson, on the brief), for plaintiff in error.

M. B. Webber (Edward Lees, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS,
District Judge.

SANBORN, Circuit Judge. This writ of error challenges a judg-
ment for the defendant upon a jury trial in an action brought by Max-
well, a citizen of Minnesota, in the Circuit Court for the District of
Minnesota, to recover of the Federal Gold & Copper Company, a cor-
poration organized under the laws of the territory of Arizona, $35,000
damages for the conversion of some of its stock which the plaintiff
claimed to own. Upon the opening of the argument in this court at-
tention of counsel for the plaintiff in error was called to the familiar
rule that the only diversity of citizenship which confers jurisdiction up-
on a federal court is diversity between citizens of different states, or be-
tween an alien and a citizen of a state, and that diversity of citizenship
between citizens of a state and citizens of a territory has no such effect.
City of New Orleans v. Winter, 1 Wheat. 91, 94, 4 L. Ed. 44; Barney
v. Baltimore City, 6 Wall. 280, 287, 18 L. Ed. 825; Watson v. Bonfils,
116 Fed. 157, 53 C. C. A. 535; Snead v. Sellers, 66 Fed. 729, 15 C. C.
A. 631.

But counsel invoke the provisions of section 1891 of the Revised
Statutes that "the Constitution and all laws of the United States
which are not locally inapplicable shall have the same force and effect
within all the organized territories and in every territory hereafter
organized as elsewhere within the United States," and argue that, as
citizens of the states have the right to the trial of their controversies
with citizens of other states in the national courts, the citizens of the
territories have the like right, under this statute, to the trial of
their controversies with the citizens of the states. But the Constitu-
tion and laws of the United States do not grant to citizens of the states
the right to the trial of their controversies with citizens of the territories
in the federal courts (Act March 3, 1887, c. 373, 24 Stat. 552, and Act
Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508],
and, as the Constitution and laws have the same effect in the ter-
ritories as in the states, they fail to confer upon the citizens of the
territories this right. In the second place, the right to try the con-
troversy in this case is invoked by a citizen of a state, and not by a citi-
zen of a territory.

Another contention of counsel is that the defendant is a corpora-
tion organized under a statute of the territory of Arizona, that

the laws of the territories are laws of the United States because they are subject to nullification by Congress (Rev. St. §§ 1850, 1851), and hence that this case involves the construction of, and arises under, a law of the United States, under the decisions in Union Pac. Ry. Co. v. Myers, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Texas & Pac. Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; U. S. Freehold, Land & Em. Co. v. Gallegos, 89 Fed. 769, 32 C. C. A. 470. But the laws of the territories are not laws of the United States. Ex parte Moran, 75 C. C. A. 396, 405, 144 Fed. 594, 603; Linford v. Ellison, 155 U. S. 503, 508, 15 Sup. Ct. 179, 39 L. Ed. 239; Maricopa & Phenix Railroad v. Arizona, 156 U. S. 347, 351, 15 Sup. Ct. 391, 39 L. Ed. 447. This suit, therefore, did not arise under the Constitution or laws of the United States, it does not involve a controversy between citizens of different states, and the court below had no jurisdiction of it.

The judgment of the Circuit Court, however, is a general judgment for the defendant. It is erroneous, and must be reversed because it renders the issues in the action res adjudicata. The proper judgment is one of dismissal of the action for want of jurisdiction, or without prejudice. Speer v. Board of County Commissioners, 32 C. C. A. 101, 105, 88 Fed. 749, 753; Indian Land & Trust Co. v. Shoenfelt, 68 C. C. A. 196, 199, 135 Fed. 484, 487, and cases there cited.

The judgment below is reversed, and the case is remanded to the court below with directions to dismiss the action for want of jurisdiction.