## WALTER McJONES, Complainant,

### v.

## PEDRO FUSTER AND EMILIA MOLLA VDA. DE FUSTER, Dfts.

---

San Juan, Equity, No. 1013.

AS TO SUIT TO QUIET TITLE.

Pleading—Boundaries.

     1. It is not good pleading for parties to state their claims to land in such manner that different pieces seem to be involved.

Quiet Title—Quia Timet.

     2. The test of equity jurisdiction of Federal courts not covered by statute is the extent of the remedy at law for cases of similar character in the year 1789. There being in Porto Rico no specific provision for suit to quiet title, the principle does not apply that local statutes granting new equitable rights can be enforced in the Federal court.

McJones v. Fuster.

Quia Timet—Bill of Peace.

> 3. The remedy to quiet title is less of the nature of a bill quia timet than what is technically called a bill of peace. The former refers very properly only to personalty.

Removal of Cloud—Elements.

> 4. If the allegations of a bill are not questioned by motion, the court will not investigate the mater unless jurisdiction is involved.

Opinion filed July 8, 1919.

———

*Mr. Miguel A. Muñoz* for defendants.

*Mr. O. B. Frazer* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

On April 23 an opinion was rendered in this cause on motion to strike amended answer and motion to dismiss cross bill. There have been amendments, and the matter is now presented from a somewhat different point of view in a second amended answer and counterclaim.

1. The evidence is not yet before the court, but it begins to be apparent that the plaintiff claims to possess a piece of land under a deed giving certain boundaries, while the defendant claims a piece of land which in part, apparently three particulars, conflicts with the plaintiff's claim and in those particulars is adversely possessed by the plaintiff. The defendant seeks to rely upon the description in his muniment of title, and does not in so many words admit or deny the possession by plaintiff of land described in plaintiff's deed. The defendant, for example, denies plaintiff's title so far as it conflicts with his

McJones v. Fuster.

own title, but does not specify what part of plaintiff's title does so conflict. The result is that the two parties are apparently, but only apparently, pleading about different pieces of land, that is to say, about lands having different, and not necessarily conflicting, descriptions.

This is not good pleading. The plaintiff brings the suit, and it is for him to set the pace, so to speak. Defendant must an-, swer pro or con as to the allegations of the plaintiff, and not plead argumentatively. Pleadings in equity are more liberal than at law, but in equity also they must be certain and relate to one subject-matter.

2. The defendant, however, says that the plaintiff's bill to quiet title does not contain the necessary allegations. It is quite true, as urged by the defendant, that in a Federal court a bill to quiet title is, in the absence of statutory changes, much the same as the old bill quia timet. The scope of the equitable jurisdiction of the Federal courts was not extended beyond what was appropriate to the subject. Giles v. Harris, 189 U. S. 475, 47 L. ed. 909, 23 Sup. Ct. Rep. 639. The test of equitable jurisdiction of the Federal courts where it has not been changed by Congress is the extent of the remedy at law for cases of that character in the year 1889. National Surety Co. v. State Bank, 61 L.R.A. 394, 56 C. C. A. 657, 120 Fed. 593. The point of an adequate remedy at law refers to the Federal court, and not to the state court. Borden's Condensed Milk Co. v. Baker, 101 C. C. A. 186, 177 Fed. 906; Western U. Teleg. Co. v. Trapp, 108 C. C. A. 226, 186 Fed. 114. The equity jurisdiction of the Federal courts is that possessed by the High Court of Chancery in England, and is uniform throughout the states. Waterman v. Canal-Louisiana Bank & T. Co. 215 U. S.

33, 54 L. ed. 80, 30 Sup. Ct. Rep. 10; McClellan v. Carland, 217 U. S. 268, 54 L. ed. 762, 30 Sup. Ct. Rep. 501; Union P. R. Co. v. Flynn, 180 Fed. 565. Laws enacted by a territory subject to disapproval by Congress are not laws of the United States. Maxwell v. Federal Gold & C. Co. 83 C. C. A. 570, 155 Fed. 110. There being in Porto Rico no specific provision for suit to quiet title, the principle does not apply that a local statute granting a new equitable right can be enforced in the Federal court where other elements of jurisdiction such as diversity of citizenship and jury provisions are present. New Jersey Land & Lumber Co. v. Gardener-Lacy Lumber Co. 190 Fed. 861.

3. A suit to quiet title is rather in the nature of a bill quia timet than a bill timet itself. Indeed the remedy is less of the nature of a bill quia timet which refers to personal property (Story, Eq. Jur. §§ 826–851) than to what are technically called bills of peace brought to establish a right which may be controverted. Story's Eq. Jur. § 852. These may refer to land as well as to personal property, but have become less important than the analogous jurisdiction by bill to remove a cloud from title, where a deed or proceeding may be improperly used to embarrass a plaintiff's title. 3 Pom. Eq. Jur. § 1398. This is exercised where the interest to be protected is equitable or the remedies of law are inadequate. Colchester v. Lowten, 1 Ves. & B. 226, 244, 35 Eng. Reprint, 89; Hayward v. Dimsdale, 17 Ves. Jr. 111, 34 Eng. Reprint, 43; Pettit v. Shepherd, 5 Paige, 493, 28 Am. Dec. 437. The jurisdiction is generally exercised through the equitable remedy of cancelation and perhaps also of injunction, but as in all branches of equity any equitable remedy appropriate will be used, corrective or pre-

McJones v. Fuster.

ventive. Union P. R. Co. v. Cheyenne (Union P. R. Co. v. Ryan), 113 U. S. 516, 28 L. ed. 1098, 5 Sup. Ct. Rep. 601; Sanders v. Yonkers, 63 N. Y. 489. The foundation requisite of suits to quiet title is that the plaintiff must be in possession, and therefore unable to bring such suit as ejectment against a defendant also claiming title. Boston & M. Consol. Copper & S. Min. Co. v. Montana Ore Purchasing Co. 188 U. S. 632, 47 L. ed. 626, 23 Sup. Ct. Rep. 434; Miller v. Ahrens, 150 Fed. 644. There is an exception to this requirement where neither party is in possession. Butterfield v. Miller, 115 C. C. A. 152, 195 Fed. 200. There are other requirements, such as that the defendant's claim must not be void on its face; thus one test is that it is apparently good and can be met only by extrinsic evidence. A void claim like a tax deed invalid on its face is not ground for quieting title. Smith v. Gilmer, 93 Ala. 224, 9 So. 588. It would seem, however, that even a void paper should be canceled if susceptible of injuring the plaintiff. Peirsoll v. Elliott, 6 Pet. 95, 98, 8 L. ed. 332, 333.

4. The bill to remove cloud originally required that plaintiff should be in possession, should have been disturbed by repeated actions, and should have established his right by successive judgments. Holland v. Challen, 110 U. S. 19, 28 L. ed. 54, 3 Sup. Ct. Rep. 495. Whether the advance of legal ideas, particularly as to the preventive remedy of equity, may not have modified the prerequisite of previous proceedings at law, need not be decided. The prevention of mischief, which should be one of the principal objects of every system of jurisprudence, constitutes a very important branch of equitable jurisdiction. 1 Fonbl. Eq. chap. 1, § 8, note (y). Even if the allegations of the bill in this suit

McJones v. Fuster.

do not come up to all the requirements of the old bill to quiet title, at least no motion in the nature of a demurrer has raised this point, and the conclusion must be that the defects must be held to be waived or amended.   Southmayd v. Elizabeth, 29 N. J. Eq. 203, 205.   Only jurisdictional points can now be set up, for, in equity as elsewhere matters must be transacted decently and in order.   The bill alleges that the plaintiff is in possession of described property, and that defendant sets up claim thereto. Defects cannot be raised collaterally by a tu quoque.

It is not clear that in other respects the allegations of the second amended answer differ materially from those previously passed upon.   The defendant's pleadings must be made to relate certainly and definitely to the whole or part of the land as described in the complaint.   It follows, therefore, that the motion to strike answer and counterclaim must be granted.

It is so ordered.